JAMES A. O'CONNELL, complainant,

*v.*

LOUISE A. S. ALLEN et al., defendants.

[Decided June 5th, 1924.]

.Mortgages—Foreclosure—Lack of Consideration Alleged—Claim Not Sustained.

On final hearing.

*Mr. Russell E. Watson,* for the complainant.

*Mr. Richard F. Potter,* for the defendants.

BUCHANAN, V. C.

The bill is for foreclosure of a mortgage securing bond of $60,000, both made by one Goodhue to one Hayden, February 15th, 1919, payable in three years. It appears that an agreement was made by Mrs. Allen and Hayden whereby the latter bought from Mrs. Allen lands in New York and she bought from him lands in New Jersey; that Hayden conveyed his lands to Goodhue for the purpose of having Goodhue execute the bond and mortgage, which was done, and then the conveyance was made to Mrs. Allen, subject to the lien of this mortgage; that all this was done to the knowledge and pursuant to the agreement of all parties. The New York property was also conveyed from Allen to Hayden, and the settlement of cash difference was made on the basis of the outstanding mortgage. Interest was paid on this mortgage by Mrs. Allen to Hayden or his assigns, covering the period up to August 20th, 1921. Mrs. Allen conveyed the lands to defendant Potter, subject to the mortgage, in December, 1922. Potter was the owner at the filing of the bill.

He contends that the bond and mortgage were without consideration, since Goodhue did not owe Hayden any $60,000, or other sum, and asks that the mortgage be canceled.

Clearly, he is estopped from any such claim. Complainant and defendant stand in the shoes of Hayden and Mrs. Allen, respectively. To assent to any such proposition in favor of Mrs. Allen would be to perpetrate a fraud on Hayden—to permit her to steal $60,000. What Mrs. Allen obtained (and this was in pursuance of their understanding and agreement) was a conveyance of the equity of redemption in the premises, an interest in the lands with the right to acquire absolute title by paying off the $60,000 mortgage, which mortgage was a purchase-money mortgage, a part of the consideration for the conveyance, though made by a dummy instead of by Mrs. Allen herself. The counter-claim will be dismissed.

Complainant's formal proofs omitted proof of the death of one of the holders of the bond and mortgage and appointment and qualification of his executors by whom a subsequent assignment was made. Leave was given to produce this record proof, and thereupon decree for complainant will be advised, with costs, including search fees of $101.46 and counsel fee of $1,000 (which latter was not objected to, and seems proper in view of the work done and the fact that in an uncontested case the allowance might be $1,400 under the rule).